CHAIN | COHN | STILES
Neil K. Gehlawat, Esq. (SBN 289388) | ngehlawat@chainlaw.com
1731 Chester Avenue
Bakersfield, CA 93301
Telephone: (661) 323-4000
Facsimile: (661) 324-1352

THE LAW OFFICE OF THOMAS C. SEABAUGH
Thomas C. Seabaugh, Esq. (SBN 272458) | tseabaugh@seabaughfirm.com
601 West Fifth Street, Eighth Floor
Los Angeles, CA 90071
Telephone: (213) 225-5850

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE HILL, individually and as successor in interest to Donald Joseph Hill; <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LEMOORE, a municipality; JANAE REYES, an individual; KODY ROGERS, an individual; MARK PESCATORE, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983) <br> 2. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983) <br> 3. Municipal Liability (42 U.S.C. § 1983) <br> 4. Negligence – Wrongful Death (California Law) <br> 5. Battery – Wrongful Death (California Law) <br> 6. Violation of Bane Act (Cal. Civil Code § 52.1) <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff Diane Hill, for her Complaint against Defendants City of Lemoore, Janae Reyes, Jonathan Giles, Kody Rogers, Mark Pescatore, and Does 1-10, inclusive, alleges as follows:

## PARTIES

1.      At all relevant times, Donald Joseph Hill (hereinafter, "Decedent") was an individual residing in San Diego, California. Decedent was 30 years old at the time of his death.

2.      At all relevant times, Plaintiff Diane Hill (hereinafter, "Plaintiff") is Decedent's mother. She resided in Hanford, California at the time of Decedent's death. Decedent's father is no longer living. Diane Hill sues both in her individual capacity as the mother of Decedent and in a representative capacity as a successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.60.  Plaintiff seeks both survival and wrongful death damages under federal and state law.

3.      At all relevant times, Defendant City of Lemoore (hereinafter, "City") was and is a chartered subdivision of the State of California with the capacity to be sued. Defendant City is a duly organized public entity, form unknown, existing under the laws of the State of California. Defendant City is and was responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. Defendant City is and was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees complied with the laws and the Constitutions of the United States and the State of California. At all relevant times, Defendant City was the employer of Defendants Janae Reyes, Jonathan Giles, Kody Rogers, Mark Pescatore, and Does 1-10.

4.      Defendants Janae Reyes ("Reyes"), Jonathan Giles ("Giles"), Kody Rogers ("Rogers"), Mark Pescatore ("Pescatore"), and Defendants Does 1-10 (collectively, "the Officer Defendants") were duly authorized employees and agents of the City, subject to oversight and supervision by the City's elected and non-elected officials, and were acting under the color of law within the course and scope of their duties as police officers for the Lemoore Police Department and with complete authority and ratification of their principal, Defendant City.

5.      The true names of Defendants Does 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

///

///

6.     The Officer Defendants are directly liable for Decedent's death and pain and suffering immediately prior to his death and Plaintiff's injuries under federal and state law, pursuant to 42 U.S.C. § 1983, and are sued in their individual capacities for damages only.

7.     On March 23, 2017, Plaintiff filed a comprehensive and timely claim for damages with the City pursuant to applicable sections of the California Government Code.

8.     On May 8, 2017, the City denied Plaintiff's claim by operation of law.

## JURISDICTION AND VENUE

9.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Kings, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

12.     The Decedent, Donald "Donnie" Hill, was raised in Lemoore. He attended the local high school and was active in sports. As a young man, he worked as a U.S. Coast Guard civilian employee in Alaska, where he managed the base gym at Kodiak Coast Guard Station. He recently moved to San Diego, where he worked in a civilian capacity for the Department of the Navy in a transportation and supply unit.

13.     On December 31, 2016, the Decedent's family noticed that he was behaving strangely and in a way that seemed out of character for him. Ultimately, they restrained him and called 9-1-1 for help. It appears that the Decedent was suffering from an undiagnosed mental illness or disability. The family called 9-1-1 because they wanted someone to come help them. Decedent was not under the influence of any alcohol or drugs, and nobody was injured or in any danger.

14.     The Officer Defendants responded to the 1100 block of Pine Court in Lemoore, California.

///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

15.   Decedent was restrained by his family in a supine position prior to the arrival of the Officer Defendants.

16.   The Officer Defendants arrived and took over the restraint of the Decedent. The Officer Defendants turned him face down and applied pressure to his back while he was a prone position. Plaintiff contend that the Decedent was restrained improperly and that, without limitation, restraining him in this way interfered with his ability to breathe.

17.   The Officer Defendants handcuffed the Decedent, used a hobble restraint, and placed a spit mask over his face. One of the Officer Defendants placed his or her knee in the center of Decedent's back and applied pressure.

18.   Decedent vomited into the spit mask. The Officer Defendants failed to remove the spit mask even after it was filled with vomit.

19.   Decedent was transported to Adventist Medical Center in Hanford, California, where he was pronounced dead.

20.   Plaintiff contends that the Decedent was subjected to unreasonable or excessive force and was improperly restrained by the Officer Defendants, and that this was a substantial factor in causing his death.

21.   Plaintiff contends that the death of her son was preventable and unnecessary.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

(Against the Officer Defendants)

22.   Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23.   When the Officer Defendants used unreasonable force and improperly restrained Decedent and engaged in the conduct described above, they deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment of the United States Constitution.

24.   As a result of the conduct of the Officer Defendants, Decedent was harmed. Decedent experienced pain and suffering and ultimately lost his life.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

25.   The Officer Defendants are liable because they engaged in, integrally participated in, or failed to intervene in the use of force against and improper restraint of Decedent.

26.   The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

27.   Plaintiff brings this claim in her individual and representative capacities, and seeks both survival and wrongful death damages. She also seeks attorney fees, funeral, and burial expenses.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)

(Against the Officer Defendants)

28.   Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29.   When the Officer Defendants forcefully and improperly restrained Decedent and engaged in the conduct described above, they deprived Decedent and Plaintiff of their constitutionally protected liberty interests in companionship and society with each other under the First and Fourteenth Amendments of the United States Constitution.

30.   The conduct of the Officer Defendants shocks the conscience.

31.   As a result of the conduct of the Officer Defendants, Decedent experienced pain and suffering and lost his life.

32.   The Officer Defendants are liable because they either integrally participated in or failed to intervene in the use of force against and improper restraint of Decedent.

33.   The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

34.   Plaintiff brings this claim in her individual and representative capacities, and seeks both survival and wrongful death damages. She also seeks attorney fees, funeral, and burial expenses.

///

///

**THIRD CLAIM FOR RELIEF**

**Municipal Liability (42 U.S.C. §1983)**

(Against Defendant City of Lemoore)

35.     Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

36.     The Officer Defendants acted under color of law.

37.     The acts of the Officer Defendants deprived the Decedent and Plaintiff of their particular rights under the United States Constitution.

38.     The training policies of Defendant City and its police department were not adequate to train its officers to handle the usual and recurring situations with which they must deal. Without limitation, training was inadequate with respect to (a) restraint technique, (b) positional or restraint asphyxia, (c) use of force and restraint in the context of encounters with the mentally ill or individuals with disabilities. Defendant City was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. The failure of Defendant City to provide adequate training caused the deprivation of the Decedent and Plaintiff's rights by the Officer Defendants. That is, the failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

39.     Further, upon information and belief, a final policymaker has determined that the acts of the Officer Defendants were "within policy." A final policymaker, acting under color of law, who had final policy making authority concerning the acts of the Officer Defendants, ratified such acts and the bases for them. The final policymaker knew of and specifically approved of the acts of the Officer Defendants.

40.     By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of love, companionship, affection, comfort, care, and society of Decedent.

41.     Accordingly, Defendant City is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorney fees.

///

///

## FOURTH CLAIM FOR RELIEF

**Negligence (California Common Law)**

(Wrongful Death)

(Against All Defendants)

42.    Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

43.    Police officers, including Officer Defendants, have a duty to use reasonable care to prevent harm or injury to others. The Officer Defendants further have a duty to use reasonable care and follow written policies and standard police training with respect to (1) the use of force and the application of restraints; (2) avoiding in-custody deaths due to improper restraint, restraint asphyxia, or positional asphyxia; (3) encounters with individuals who are mentally ill, disabled, or in distress.

44.    The conduct of the Officer Defendants described above, together with undiscovered conduct, was negligent and reckless.

45.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent experienced pain and suffering and died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.  Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

46.    The City is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. The Officer Defendants at all relevant times were within the course and scope of their employment.

47.    Plaintiff brings this claim individually and as a successor-in-interest to the Decedent, and seeks survival and wrongful death damages under this claim.

///

///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FIFTH CLAIM FOR RELIEF**

**Battery (California Common Law)**

(Wrongful Death)

(Against All Defendants)

29.     Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30.     The Officer Defendants used excessive and unreasonable force against Decedent and improperly restrained him. The use of excessive force against and improper restraint of Decedent was a substantial factor in causing his death.

31.     All of the Officer Defendants are liable for Decedent's injuries, either because they engaged in the conduct described above, were integral participants in that conduct, or failed to intervene to prevent that conduct.

32.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent experienced pain and suffering and died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

33.     The conduct of the Officer Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Decedent, warranting the imposition of exemplary and punitive damages as to each of them.

34.     Defendant City is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. The Officer Defendants at all relevant times were within the course and scope of their employment.

35.     Plaintiff brings this claim individually and as a successor-in-interest to the Decedent, and seeks survival and wrongful death damages under this claim.

1

## SIXTH CLAIM FOR RELIEF

### Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

36.     Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37.     California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by violence, threats, intimidation, or coercion.

38.     The acts of the Officer Defendants, as described above, interfered with the civil rights of Decedent that are protected by both the California Constitution and the United States Constitution, including without limitation Decedent's rights to be free from unreasonable searches and seizures, to due process, to equal protection of laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

39.     All Officer Defendants either engaged in this conduct, integrally participated in it, or failed to prevent the violation of Decedent's rights.

40.     The Officer Defendants successfully interfered with the above civil rights of Decedent. The acts of the Officer Defendants prevented Decedent from exercising the above rights which he was fully entitled to enjoy.

41.     The conduct of the Officer Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages as to each of them.

42.     As a result of the conduct of the Officer Defendants, Decedent experienced pain and suffering and lost his life.

43.     Defendant City is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

1    44.    Plaintiff brings this claim individually and as a successor-in-interest to the Decedent,
2  and seeks survival and wrongful death damages under this claim. Plaintiff also seeks a statutory
3  penalty and attorney fees under this claim.

4                                **PRAYER FOR RELIEF**

5        WHEREFORE, Plaintiff Diane Hill requests entry of judgment in her favor and against
6  Defendants City of Lemoore, Janae Reyes, Jonathan Giles, Kody Rogers, Mark Pescatore, and Does
7  1-10, inclusive, as follows:

8        A.    For compensatory damages, including both survival damages and wrongful death
9  damages under federal and state law, in an amount to be proven at trial;

10       B.    For funeral and burial expenses, in an amount to be proven at trial;

11       C.    For punitive damages against the Officer Defendants, in an amount to be proven at
12  trial;

13       D.    For interest;

14       E.    For statutory damages under the Bane Act;

15       F.    For reasonable costs of this suit;

16       G.    For attorney fees; and

17       H.    For such further other relief as the Court may deem just, proper, and appropriate.

18  DATED:      October 11, 2017          CHAIN | COHN | STILES

19                                             */s/ Neil K. Gehlawat*
20                                      BY: _____
21                                          Neil K. Gehlawat
                                            Attorney for Plaintiff

22  DATED:      October 11, 2017          THE LAW OFFICE OF THOMAS C.
23                                        SEABAUGH

24                                             */s/ Thomas C. Seabaugh*
25                                      BY: _____
26                                          Thomas C. Seabaugh
                                            Attorney for Plaintiff

27

28

1    **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a trial by jury.

3    DATED:     October 10 , 2017          CHAIN | COHN | STILES

4                                               */s/ Neil K. Gehlawat*

5                                 BY: _____

6                                        Neil K. Gehlawat
                                         Attorney for Plaintiff

7    DATED:     October 10, 2017          THE LAW OFFICE OF THOMAS C.

8                                   SEABAUGH

9                                           */s/ Thomas C. Seabaugh*

10                                BY: _____
                                         Thomas C. Seabaugh

11                                       Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28